

RECEIVED
SDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
8/7/15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TRAVIS DENORRIS ARNOLD (#18706-058) | DOCKET NO. 15-CV-1733; SEC. P |
| VERSUS | JUDGE DRELL |
| MR. MARSHALL, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is the *pro se* civil rights complaint of Plaintiff Travis Denorris Arnold, filed pursuant to <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>[1]. Plaintiff is an inmate in the custody of the United States Bureau of Prisons, incarcerated at the United States Penitentiary in Pollock, Louisiana. He claims that he was denied his right to file a complaint against a staff member for harassing conduct.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff complains that on February 23, 2015, he was instructed by Lt. Ramos to "step into the tank (which is a cell used for disciplinary action against inmates)" after asking

---

[1] In <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by 42 U.S.C.A. § 1983.

numerous times to file "an oral or written report / statement to DOJ." [Doc. #1, p.7] Plaintiff requested to file an oral report with special agent Mr. Birmingham against Mr. Bowie and Mr. Treadway. Plaintiff states that Lt. Ramos attempted to conduct his own investigation and concluded that Bowie was not harassing Plaintiff and that Ramos would talk to Bowie about allowing Plaintiff to use the law library. Plaintiff complains that Officer Marhsall refused to allow Plaintiff to take paper into "the tank" despite Plaintiff needing the paper to write down his statement. [Doc. #1, p.7] Plaintiff, who refers to Officer Marshall as "the idiot" and "this moron," complains that Marhsall clearly violated policy, denied Plaintiff the right to file a complaint against staff, and retaliated against Plaintiff for exercising his rights.

### Law and Analysis

**1. Screening**

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. §1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998)(per curiam). Because he is proceeding in forma pauperis, his complaint is also subject to screening under §1915(e)(2). Both §1915(e)(2)(B) and §1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious,

if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim is factually frivolous when the facts alleged are "clearly baseless", 490 U.S. at 327, a category encompassing allegations that are "fanciful,"[2] "fantastic,"[3] and "delusional[4]." See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## 2. Violation of Prison Policy

Plaintiff complains that the defendants violated prison policy in failing to allow him to file an electronic complaint on February 23, 2015, for harassing conduct by a staff member. He was allowed to make an "oral" complaint, however, because he states that Ramos "attempted to conduct his own investigation into the matter, and

---

[2] Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[3] Id. at 328.

[4] Id.

3

came upon the same conclusion.... that Mr. Bowie was not harassing [Plaintiff]." Regardless, Plaintiff fails to raise a cognizable constitutional violation. It is well settled that a prison official's failure to follow the prison's own regulations or policies does not amount to a constitutional violation. See Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); Jackson v. Cain, 864 F.2d 1235, 1251-52 (5th Cir. 1989); Arceneaux v. Young, 369 Fed. Appx. 620, 2010 WL 935365, at *1 (5th Cir. Mar. 16, 2010); Dehghani v. Vogelgesang, 226 Fed. Appx. 404, 2007 WL 1135303, at *1 (5th Cir. Apr. 17, 2007).

### 3. Access to Grievance System and Court

Plaintiff complains that he was not allowed to take paper into "the tank" on February 23, 2015. He also mentions his inability to access the law library. To the extent that Plaintiff attempts to raise a claim that he was denied access to the grievance system, his claim fails. An inmate has no constitutional right to an inmate grievance system. See Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir.1995).

To the extent that Plaintiff seeks to raise a claim that he was denied meaningful access to the courts, his claim also fails. The right of access to the courts is not unlimited and includes only a reasonable opportunity to file *non-frivolous* legal claims challenging the prisoner's convictions or conditions of confinement. See Lewis v. Casey, 518 U.S. 343, 351 (1996). Thus,

in order to state a claim that he was denied the right of access to the courts, a plaintiff must demonstrate that his position as a litigant was *actually prejudiced*.  See Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996)(per curiam)(citing Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993)).  The requirement that a claimant show "actual injury" is "not satisfied by just any type of frustrated legal claim."  Lewis, 518 U.S. at 354.  Instead, a plaintiff must, at the very least, show that he was prevented from filing a non-frivolous pleading.  Plaintiff filed eleven complaints in this court in May 2015.  He filed six civil suits in this court in 2014, and one civil suit in 2013, many of which have now been dismissed with prejudice.  There is no evidence that he has been unable to file any non-frivolous pleading in this Court, or any other court. Moreover, Plaintiff has not presented allegations that he suffered any prejudice.

4.   **Retaliation**

Plaintiff states that Officer Marshall was "victimizing me" of a "federal crime" by retaliation and punishment.  It is well-established that prison officials may not retaliate against an inmate because that inmate exercised a right guaranteed to him under the constitution.  See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir. 1995), cert. denied, 516 U.S. 1084 (1996).  To state a claim of retaliation, a prisoner must allege facts that establish (1) he exercised a specific constitutional right, (2) the defendant

had the intent to retaliate against him for his exercise of that right, (3) a retaliatory adverse act occurred, and (4) causation. In this case, the Plaintiff seems to allege that he was denied the right to take paper into "the tank" in retaliation for simply wanting to file a complaint against an officer. Plaintiff could have lodged the grievance when he came out of "the tank." Plaintiff has not alleged that any adverse action was taken against him for his actual exercise of a constitutional right. He has not presented non-conclusory allegations that the denial of paper was retaliatory. Moreover, he was clearly allowed to make a verbal complaint, which was investigated by Ramos. Plaintiff has not alleged a retaliatory adverse act or causation. He simply makes a conclusory allegation that a defendant "victimized" and "retaliated" against him for Plaintiff wanting to file a grievance or complaint. [Doc. #1, p.7]

5.  **Criminal Charges and Termination of Employment**

Plaintiff states that "stupidity is an unacceptable excuse to allow anyone to violate the law," and he asks that criminal charges be brought against the defendants. Plaintiff has no constitutional right to have someone criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). A federal court may not assume the essentially executive function of deciding whether a particular alleged violator should be prosecuted. See Nader v. Saxbe, 497 F.2d 676, 679 (D.C. Cir. 1974). Nor may a court order prosecution of

6

individuals at the instance of private persons. Id. at n. 18. The decision whether or not to bring criminal charges rests solely with the prosecutor. See also Oliver 914 F.2d at 601; United States v. Carter, 953 F.2d 1449, 1462 (5th Cir. 1992); Williams v. Hartje, 827 F.2d 1203, 1209 (8th Cir. 1987).

Plaintiff also asks that defendants be terminated rom employment. Federal courts are not prison managers. Ordinarily, courts accord great deference to the internal administrative decisions of prison officials. See Royal v. Clark, 447 F.2d 501 (5th Cir. 1971); Krist v. Smith, 439 F.2d 146 (5th Cir. 1971); Haggerty v. Wainwright, 427 F.2d 1137 (5th Cir. 1970). In fact, the Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." Shaw v. Murphy, 532 U.S. 223, 230 (2001); Turner v. Safley, 482 U.S. 78, 84-85 (1987). Plaintiff's request that the Court order the firing of any defendants should be denied and dismissed.

### 6. Verbal Harassment

Plaintiff complains of verbal harassment by the defendants. In fact, the subject of the "complaint" or grievance he wanted to file against the defendants was this alleged harassment. Mere allegations of verbal abuse, harassment, or name-calling do not present actionable claims under §1983. See e.g., Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997); Bender v. Brumley, 1

7

F.3d 271, 274 n. 4 (5th Cir. 1993); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.), cert. denied, 464 U.S. 998 (1983). Thus, Plaintiff fails to state a constitutional claim regarding verbal harassment.

### *Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Bivens claim be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and §1915A.

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.**

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM**

ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___ day of August, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE